# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

BRUCE LAVIGNE

                Plaintiff,

  v.

MICHAEL'S STORES, INC.

           Defendant.

3:14-CV-01717 (CSH)

**April 22, 2015**

## RULING ON MOTION FOR RECONSIDERATION, MOTION TO AMEND THE COMPLAINT, MOTION TO DISMISS THE COMPLAINT, MOTION TO APPOINT COUNSEL, AND MOTION TO REMOVE COUNSEL

**HAIGHT**, Senior District Judge:

In this diversity action, Plaintiff Bruce Lavigne, *pro se*, seeks to recover damages from his former employer, Defendant Michael's Stores, Inc., arising from what Plaintiff alleges was his forced resignation from the company. Doc. [1]. Plaintiff has filed a motion for reconsideration of this Court's Order granting Defendant's motion to strike his "amended complaint," a motion to amend his complaint, a motion to appoint counsel, and a motion to remove Defendant's counsel. Docs. [21], [30], and [35]. Defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. [31]. This Ruling decides each motion.

**I**

A.    **Factual Background**

The following facts are derived from the complaint. Doc. [1]. We accept the complaint's well-pleaded factual allegations as true so that we may discern the nature of Plaintiff's claims and evaluate the viability of those claims under the governing law.

Plaintiff alleges that he was hired on June 6, 2014, by Defendant as a part-time employee

holding the position of Replenishment Team Member.  Doc. [1] (complaint) at 1.  He alleges that "Defendants failed to provide [him] workable employment hours" and that he was "forced to provide resignation from the company on [September 11, 2014]." *Id.* at 2.  Plaintiff avers that he was forced to resign because he was assigned to work only one day in a twenty-five day period.  *Id.*  As a result of his resignation, Plaintiff alleges that he had "no other options but to embarrass and degrade [himself by] asking friends associated with an internet based social networking website (including those [he] did not personally meet) for money so [that he could] buy food for [him] and [his] dog and put gas in [his] car." *Id.*  He seeks $200,000 in damages, which he "deem[s] acceptable because [he] had to endure weeks of no work scheduled and was forced to lower [his] standards and integrity to ask people who [he] knew and didn't know for money." *Id.* at 2-3.  Plaintiff further alleges that the "embarrassment has . . . led to individuals lack [of] respect for [him] due to the nature of [his] intention of asking for monies." *Id.*  He describes the "nature of his claim" as "[e]mployer did not provide employment hours," *id.* at 1 (caps omitted), and conveys his "firm belief that an employer must provide a work schedule to any and all employees . . ." *id.* at 2.

**B**.   **Procedural Posture**

Plaintiff filed the complaint in the Connecticut Superior Court on or about October 21, 2014. Defendant timely removed the action to this Court on November 18, 2014.  Plaintiff filed a self-styled "amended complaint" on December 3, 2014.  Doc. [14] (caps omitted).  On December 16, 2014, he filed a motion to appoint counsel.  Doc. [21].

On December 11, 2014, Defendant filed a motion to strike the "amended complaint," doc. [16], on the ground that the Court had not granted Plaintiff leave to amend the complaint and that the "amended complaint," in any event, failed to state a claim upon which relief could be granted.

We granted Defendant's motion to strike in an Order dated February 18, 2015, and advised Plaintiff that "[i]f [he] wishes to amend his complaint, he must file a 'Motion to Amend Complaint' and a 'Proposed Amended Complaint.'"  Doc. [26]

On March 10, 2015, Plaintiff filed a self-styled "motion to amend complaint for employer retaliation and constructive discharge and reversal of courts decision granting defendant's motion to strike plaintiff's (previous) amended complaint."  Doc. [30] (caps omitted).  Though styled as a motion, much of that filing is, in substance, a proposed amended complaint.  We therefore construe that filing as an omnibus motion to amend the complaint, a proposed amended complaint, and motion for reconsideration of our February 18 Order granting Defendant's motion to strike.

After Plaintiff filed those motions and the proposed amended complaint, Defendant filed on March 20, 2015, a motion to dismiss the original complaint.  Doc. [31].  Thereafter, on March 31, 2015, Defendant filed a memorandum in opposition to Plaintiff's motion to amend the complaint.  Doc. [33].  On April 9, 2015, Plaintiff filed a motion to remove Defendant's counsel.  Doc. [35].

## II

### A.   <u>Motion for Reconsideration</u>

We turn first to Plaintiff's motion for reconsideration of the Court's order granting Defendant's motion to strike Plaintiff's "amended complaint," doc. [14,] filed without leave of court on December 3, 2014.  Doc. [14].  We granted Defendant's motion to strike, stating:

> The time by which Plaintiff may have amended his pleading "as a matter of course" has expired. Fed. R. Civ. P. 15(a). Accordingly, Plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave." *Id.* Defendant objects to the Amended Complaint, and the Court has not granted Plaintiff leave to file it. If Plaintiff wishes to amend his complaint, he must file a "Motion to Amend Complaint" and a "Proposed Amended Complaint." . . .

3

Doc. [26].

Motions for reconsideration are governed by District of Connecticut Local Rule 7(c), which states in relevant part: "Motions for reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision order." D. Conn. Loc. R. 7(c). Plaintiff's motion for reconsideration was filed twenty days after the Court granted Defendant's motion to strike, and is therefore untimely.

We note, in any event, that the basis for Plaintiff's motion for reconsideration is not well-founded. In support of his motion for reconsideration, Plaintiff suggests that he was entitled to amend his complaint without the Court's leave because, according to Moore's Federal Practice, at § 12.34[5] (3 ed. 2000), "'a plaintiff may amend the complaint once without leave, even during the pendency of a motion to dismiss [strike], if the defendant has not yet served an answer.'" Doc. [30] at 8 (quoting Moore's Federal Practice) (brackets in original; emphasis omitted). The problem with that assertion is that it is predicated on a passage of Moore's Federal Practice which is itself based on an out-dated version Rule 15 of the Federal Rules of Civil Procedure. The Rule was modified by the Advisory Committee in 2009. We had occasion to review the modification in *Trustees of I.B.E.W. Local Union No. 488 Pension Fund, Health Ins. Fund, Annuity Fund, Educ. Fund v. Norland Elec., Inc*., No. 3:11cv709 (CSH), 2013 WL 785333, (D. Conn. Mar. 1, 2013). We stated:

> Prior to the December 1, 2009 amendment, Rule 15(a) limited a party's ability to amend without leave of court to the time "before being served with a responsive pleading." For example, "[t]he complaint could be amended as of course at any time before the answer was served." *See generally* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1483, at

4

> 584 (2d ed.1990). In contrast, under the 2009 amendment, the right
> to amend once as a matter of course terminates within 21 days after
> service of a complaint, or within 21 days after service of a responsive
> pleading, or motion under Rule 12(b), (e), or (f). See Advisory
> Committee Notes to Rule 15(a), "2009 Amendments" (specifying
> "three changes in the time allowed to make one amendment as a
> matter of course").

2013 WL 785333 at * 2 n. 3.  In the case at bar, Plaintiff filed his "amended complaint" between the two contingencies contemplated in Rule 15(a); that is, he filed the "amended complaint" more than 21 days after serving the complaint, *see* Fed. R. Civ. P. 15(a)(1)(A), but before Defendant filed its Rule 12(b)(6) motion to dismiss the original complaint, *see* Fed. R. Civ. P. 15(a)(1)(B).  Plaintiff was not entitled to amend his complaint as a matter of course at that point in this proceeding.

**B.**     **Motion to Amend the Complaint**

We turn next to Plaintiff's subsequent motion to amend the complaint and proposed amended complaint.  The proposed amended complaint expands upon the original complaint only slightly. Plaintiff alleges that on or around September 22, 2014, he was informed by Tammi, a Michaels employee in charge of scheduling, that he "'call[s] in more than anyone else,'" doc. [30] at 4 (emphasis omitted), was "'not reliable'" and was taken "'off the schedule,'" *id.* at 4 (emphasis omitted), when he failed to show for work.  Plaintiff alleges that Tammi's statement that calls in more than anyone else and is not reliable "has no merit," *id.* at 4, pointing to the fact that he had on a related occasion timely informed Gail, his immediate supervisor, that he would be unable to attend work at the scheduled time because he had sold his vehicle.  *Id.* at 4.  Plaintiff also alleges that Tammi informed him that "scheduling hours would not be foreseeable due to lack of work, yet . . . . indicated she hired a new employee," which resulted in available work hours being diverted from Plaintiff.  *Id.*

5

Aside from those additional allegations, the proposed amended complaint describes the "nature of claim," *id.* at 1 (caps omitted) as "Employer Retaliation and Constructive Discharge," *id.* In regard to the claim of constructive discharge, the proposed amend complaint alleges the lack of "any foreseeable scheduled work hours . . . coerced Plaintiff to commence voluntary termination which was later discovered by Plaintiff to be *Constructive Discharge*." Doc. [30] at 4 (emphasis in original). In regard to the claim of employer retaliation, the proposed amended complaint alleges that the "actions of the store manager could be conceived as an act of retaliation when Plaintiff notified the Defendant the prior day that Plaintiff was unable to fulfill his scheduled work day." *Id.* at 5 (brackets omitted). In the closing paragraphs of the proposed amended complaint, Plaintiff indicates that he is "seeking damages in the amount of $1,000,000." *Id.* at 9.

At this stage in the proceeding we turn to Rule 15(a)(2) to determine whether Plaintiff may be allowed to amend his complaint. Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice requires." Defendant opposes Plaintiff's motion to amend. *See* Doc. [33]. Consequently, Plaintiff may only amend the complaint with "the court's leave." Fed. R. Civ. P. 15(a)(2).

A court should deny leave to amend only upon "undue delay, bad faith or dilatory motive on the part of the [moving party], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the [non-moving parties,] . . . [or] futility." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005) ("A Rule 15(a) motion should be denied only for reasons as undue delay, bad faith, futility of the amendment, and perhaps the most important, the resulting prejudice to the opposing

party.") (internal quotations and citation omitted).

In seeking to amend his complaint, Plaintiff has not acted with undue delay, bad faith or dilatory motive, nor has he repeatedly failed to cure deficiencies by amendments previously allowed. In its opposition to Plaintiff's motion to amend the complaint, Defendant argues that Plaintiff's proposed amended complaint is "untimely" because Plaintiff did not file the proposed amended complaint by January 15, 2015 — a date designated in the Rule 26(f) report as the deadline by which Plaintiff could file a motion to amend the complaint. Doc. [25] at 3. "Under Rule 16(b)," explains Defendant, "' 'a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause.'" Doc. [33] at 6 (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). That argument is totally without merit.

Rule 16 of the Federal Rules of Civil Procedure states that a "district judge . . . must issue a scheduling order . . . after receiving the parties' report under Rule 26(f)." Fed. R. Civ. P. 16(b)(1)(A). Although it should go without saying, we advise Defendant that it is the Court that sets the scheduling order, not the parties. In this case, the Court's scheduling order did *not* set a deadline for the filing of motions to amend the pleadings, and consequently, Plaintiff's motion to amend the complaint is not untimely. *See* Doc. [14]. Accordingly, the motion to amend the complaint will be dismissed only if we determine that amending the complaint would be futile.

A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Martin v. Dickson*, 100 Fed. Appx. 14, 16 (2d Cir. 2004). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Second Circuit has consistently adhered to the United States Supreme Court's seminal "plausibility" standard set forth in *Iqbal*.[1] *See, e.g., Nielsen v. Rabin*, 746 F.3d 58, 62  (2d Cir. 2014)*; Krys v. Pigott*, 749 F.3d 117, 128-29 (2d Cir. 2014);  *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 118, 122 (2d Cir.2013); *O'Callaghan v. New York Stock Exch.*, 563 F. App'x 11, 12 (2d Cir.) *cert. denied*, 135 S. Ct. 216, 190 L. Ed. 2d 133 (2014).

"[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) 'is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits.'"[2] *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (internal citation omitted).  In ruling on a Rule 12(b)(6) motion, the court's duty is "to assess the legal feasibility of the complaint, [but] not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (citation and internal quotation marks omitted).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Scheuer v.*

---

[1] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Thus, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557 (internal quotation marks and brackets omitted).

[2] Rule 8,  Fed. R. Civ. P.,  specifies that  a complaint  must "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  The pleading standard set forth in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

*Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds*, *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). In fact, "it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer*, 416 U.S. at 236. *Accord Nielsen,* 746 F.3d at 62-63 ("The plausibility standard is not akin to a probability requirement...." so that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely.") (quoting *Twombly*, 550 U.S. 544) (internal quotations omitted).

"In addressing the sufficiency of a complaint [the court must] accept as true all factual allegations and draw from them all reasonable inferences; but [the court is] not required to credit conclusory allegations or legal conclusions couched as factual . . . allegations." *Nielsen*, 746 F.3d at 62 (quoting *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir.2013)). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Nielsen*, 2014 WL 552805, at *2 (quoting *Iqbal*, 556 U.S. at 678).

With respect to *pro se* litigants, "[w]hile pro se complaints must contain sufficient factual allegations to meet the plausibility standard," the Second Circuit "look[s] for such allegations by affording the litigant 'special solicitude, interpreting the complaint to raise the strongest claims that it suggests.'" *O'Callaghan* , 2014 WL 1422395, at *1 (citing *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009) and citing and quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). Because "most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [courts] must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than [it] would when reviewing a complaint submitted by counsel." *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) (citation and internal quotations omitted).

"[P]ro se litigants . . . cannot be expected to know all of the legal theories on which they might ultimately recover," and, therefore, "[i]t is enough that they allege that they were injured, and that their allegations can conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir.2005).  Nonetheless, the Court need not engage in "rank speculations" to manufacture a federal claim for *pro se* plaintiffs, *Ford v. New Britain Trans. Co.*, No. 3:03cv150 (MRK), 2005 WL 1785269, at *1 (D.Conn. July 26, 2005), *aff'd*, 239 F. App'x 670 (2d Cir. 2007); and thus, a court may dismiss a complaint if it appears beyond doubt that no set of facts could be proven that would establish an entitlement to relief.  *Weixel v. Bd. of Educ. of New York*, 287 F.3d 138, 145-46 (2d Cir. 2002).

The purported claims of retaliation and constructive discharge alleged in the proposed amended complaint are discussed with reference to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq* ("Title VII").  *See* Doc. [30] at 9 ("Because defendant is responsible for coercing Plaintiff to terminate employment . . . due to the act of retaliation . . . this conduct clearly violates . . . Title VII . . . ); *id.* at 4 ("The concept of constructive discharge . . . is commonly applied in cases involving alleged violations of . . . Title VII . . .").  Title VII prohibits employment discrimination against "any individual" because of "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  Two of the ways a plaintiff may state a cause of action under Title VII are where he alleges he was terminated (or, as alleged here, constructively discharged) *because* of his race, color, religion, sex, or national origin; or alternatively, where he alleges that his employer retaliated against him *because* he protested or opposed some statutorily prohibited discrimination.  *See, e.g., White v. City of Middletown*, No. 3:11cv00747 (CSH), 2014 WL 4437721 (D. Conn. Sept. 9, 2014) (considering Title VII claims based on theories of

discrimination, hostile work environment, and retaliation). The proposed amended complaint does not allege that Plaintiff was constructively discharged or retaliated against for any discriminatory reason.[3]

We accept as true Plaintiff's allegation that he was constructively discharged by virtue of the fact that he was not placed on Defendant's work schedule. We also accept as true Plaintiff's allegation that he was retaliated against for notifying his employer that he was unable to be at work at the scheduled time. Unfortunately for Plaintiff, none of those allegations of wrongdoing, standing alone, are contrary to law. He has therefore failed to state a claim under Title VII.[4]

No other viable cause of action is discernable in the proposed amended complaint. Its principle allegation is that Defendant failed to provide Plaintiff with a satisfactory number of work hours, which in turn, caused Plaintiff to resign from his position. Defendant characterizes Plaintiff

---

[3] In an unrelated motion filed by Plaintiff before he filed his proposed pleading, Plaintiff was at pains to clarify that "discrimination was never alleged by Plaintiff against Michaels." Doc. [24] at 2. In spite of that assertion, the proposed amended complaint casts Plaintiff's "claims" for constructive discharge and retaliation as theories of recovery available under Title VII — a statutory scheme that affords recourse to those discriminated against unlawfully. Although we consider whether the proposed amended complaint states a claim under Title VII, we have considered the possibility that Plaintiff may be relying on concepts often associated with Title VII claims in order to allege a claim for wrongful termination under Connecticut common law, or some other theory. To the extent the proposed amended complaint alleges a claim under that latter theory, or some other theory, it would fail as a matter of law for the reasons discussed, *infra*.

[4] Defendant has raised the issue of exhaustion of administrative remedies in its opposition to Plaintiff's motion to amend his complaint. Doc. [33] at 4. Exhaustion of administrative remedies "is a precondition to bringing a Title VII claim in a federal court rather than a jurisdictional requirement." *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000). Accordingly, a complaint must allege that administrative remedies have been exhausted where the defendant has not waived the compliance with exhaustion requirement. *See Canty v. Wackenhut Corr. Corp.,* 255 F. Supp. 2d 113, 116-17 (E.D.N.Y. 2003). Because Defendant has not waived that requirement, any claim alleged under Title VII in the proposed amended complaint would fail on the additional ground that proposed pleading does not allege that Plaintiff exhausted his administrative remedies.

as an at-will employee in its memorandum of law in support of its motion to dismiss.  Doc. [31-1] at 3.  Plaintiff appears to accept that characterization in the proposed amended complaint.  Doc. [30] at 6 (stating that "Defendant . . . waived their right to exercise the at-will employment law").  *See also Sheets v. Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 474, 427 A.2d 385 (1980) (Under Connecticut law, contracts of permanent employment or for an indefinite term of employment are terminable at will by employer).

In Connecticut, "'[e]mployment at will grants both parties the right to terminate the relationship for any reason, or no reason, at any time without fear of legal liability.'" *Ide v. WinWholesale, Inc.*, 596 F. Supp. 2d 249, 255 (D. Conn. 2009) (quoting *Thibodeau v. Design Group One Architects, LLC*, 260 Conn. 691, 697-98, 802 A.2d 731 (2002)).  It follows from that first principle that "an at-will employee['s] duties [are] subject to change or termination based on the needs and desires of his employer."  *Bessemer Trust Co. v. Branin*, 618 F.3d 76, 93 (2d Cir. 2010) (stating that if under New York Law "[plaintiff] could be dismissed at will . . . the lesser action of changing his role at the firm, subject of course to his choosing to depart at his option instead, was permissible too"); *see Scott v. Harris Interactive, Inc.*, 512 F. App'x 25, 27 (2d Cir. 2013) (citing same).  "Absent unusual circumstance," a court applying Connecticut law "will interfere with a personnel decision only if it implicates an explicit statutory or constitutional provision, or judicially conceived notion of public policy."  *Daley v. Aetna Life & Cas. Co.*, 249 Conn. 766, 803, 734 A.2d 112, 133 (1999) (concluding that plaintiff could not prevail on a claim that public policy required employers to provide flexible work schedules for working parents because no statute mandates such accommodation).  The proposed amended complaint does not allege that Defendant's conduct contravened an explicit statutory or constitutional provision, or a judicially conceived notion of

public policy.  Therefore, because the proposed amended complaint fails to allege any unlawful conduct on the part of Defendant, it would fail as a matter of law to state a claim upon which relief can be granted.  Since allowing the proposed pleading would be futile, Plaintiff's motion to amend the complaint will be denied.

C.     **<u>Motion to Dismiss</u>**

Having determined that Plaintiff's motion to amend the complaint would futile, we turn next to Defendant's motion to dismiss the complaint.  All of the critical, well-pleaded allegations of the complaint were also alleged in the proposed amended complaint.  The gravamen of the complaint is that Plaintiff was forced to resign because Defendant did not provide him with enough work hours.  We have already concluded that such an allegation does not state a claim upon which relief can be granted.  Accordingly, Plaintiff's complaint will be dismissed.

D.     **<u>Motion to Appoint Counsel</u>**

We turn next to Plaintiff's motion for the appointment of counsel.  A court has broad discretion under 28 U.S.C. § 1915(d) to appoint counsel for a *pro se* plaintiff.  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *see* 28 U.S.C. § 1915(e)(1).  The Second Circuit has discussed the standards for appointment of free counsel to *pro se* plaintiffs in civil cases.  *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Cooper v. A Sargenti Co., Inc.*, 877 F.2d 170 (2d Cir. 1989); *Hodge*, 802 F.2d at 53.  At the threshold, the court must determine whether the *pro se* plaintiff is indigent, *see* 28 U.S.C. § 1915(d), whether he has made sufficient efforts to obtain counsel, *Hodge*, 802 F.2d at 61, and whether his "position seems likely to be of substance," *id.* at 61.  If those threshold factors are met, the court will go onto consider whether other requirements are satisfied.  In that case:

> the court should . . . consider the indigent's ability to investigate the
> crucial facts, whether conflicting evidence implicating the need for
> cross-examination will be the major proof presented to the fact finder,
> the indigent's ability to present the case, the complexity of the legal
> issues and any special reason . . . why appointment of counsel would
> be more likely to lead to a just determination.

*Id.* at 61-62. A court may also consider the general availability of counsel. *Cooper*, 877 F.2d at 172.

In support of his motion for appointment of counsel, Plaintiff has offered evidence which leads us to conclude that Plaintiff is indigent and that he has, moreover, made sufficient efforts to obtain counsel. *See* Doc. [21]. However, in view of our conclusions that Plaintiff's complaint and motion to amend the complaint will be denied, it is apparent that Plaintiff's position does not meet the threshold "substance" requirement. *Hodge*, 802 F.2d at 61; *see Cooper*, 877 F.2d at 173 (stressing that "the indigent seeking a free lawyer [must] first pass the test of likely merit"). We therefore need not weigh the secondary criteria set forth above. Plaintiff's motion for appointment of counsel will be denied.

## E.   Motion to Remove Counsel

We turn next to Plaintiff's motion to remove opposing counsel. In support of that motion, Plaintiff states that Defendant's counsel has "falsely declared that Plaintiff's complaint relies solely on the premise that [Plaintiff] did not receive enough work hours which is a direct and false statement . . . because Plaintiff has previously declared in his amended complaint and memorandum . . . that the non-provisioned hours by Defendant [was] due to a retaliation by the Defendant [when] Plaintiff [reported he] was unable to fulfill his work schedule." Doc. [35] at 3. Plaintiff also states that Defendant's counsel "violation to the Code of Ethics has been demonstrated by denying civil rights to the Plaintiff for fair trial and coercing and convincing the courts there is lack of evidence to move forward with such trial . . ." *Id.* In essence, Plaintiff argues that Defendant's counsel should

14

be removed for advocating on his client's behalf.  His arguments in support of that motion have no merit.  Defendant's counsel has not misrepresented the record or mischaracterized Plaintiff's position.  The Court has thoroughly considered Plaintiff's allegations and has evaluated those allegations under the controlling law.  We have not been mislead by Defendant's counsel.  Plaintiff's motion to remove Defendant's counsel will be denied.

**F.    Opportunity to Replead**

We next consider whether Plaintiff should be afforded an opportunity to amend his complaint upon entry of this Ruling.  "When a motion to dismiss is granted, 'the usual practice is to grant leave to amend the complaint.'"  *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990) (quoting 2A Moore & Lucas, Moore's Federal Practice ¶ 12.14, at 12-99 (2d ed. 1989)).  Here, Plaintiff has twice attempted to amend his complaint, albeit unsuccessfully.[5]  Still, we do not think that Plaintiff should be deprived of the opportunity to amend his pleading that is usually given to a litigant when a motion to dismiss is granted simply because he attempted to amend his complaint before the Court ruled on Defendant's motion to dismiss.  *Cf. id.* (holding that the district court erred in denying leave to replead even though plaintiff had already amended his complaint once as a matter of course).  The Court will therefore give Plaintiff another opportunity to amend his complaint.

Although we offer that opportunity to Plaintiff, Plaintiff will not succeed with a filing that merely reasserts the principle allegations of the complaint and proposed amended complaint that were considered, and rejected, in this Ruling.  In choosing whether to file yet another proposed amended complaint, Plaintiff should carefully consider this Ruling in resolving whether he believes

---

[5] We count Plaintiff's "amended complaint," filed without leave of Court on December 3, 2014, as the first attempt to amend the complaint.

he can ultimately state a claim upon which relief can be granted.  Another proposed pleading that alleges merely that Plaintiff was constructively discharged as evidence by the fact that he was not given workable hours, or, that alleges that Plaintiff was retaliated against for notifying his employer that he would be unable to work at the scheduled time, would not state a viable cause of action.  If Plaintiff chooses to press onward, he is further advised that all filings must adhere to the strictures of Rule 11 of the Federal Rules of Civil Procedure.[6]  Plaintiff should consider the foregoing, then decide whether his time and energy is better spent devoted to this action or to some other pursuit.

## III

At the heart of Plaintiff's complaint is the contention that he was treated unfairly by Michaels.  We accept that contention as true.  All indications in the original complaint point to the conclusion that Plaintiff was ready, willing, and able to work.  In spite of Plaintiff's availability and eagerness, Defendant failed to place him on the work schedule with any regularity.  Failing to do so may well have been Defendant's loss.  Implicit in Plaintiff's papers is the suggestion that Defendant acted foolishly or unfairly — or even maliciously —  in its treatment of Plaintiff.  However, standing alone, foolish, unfair or malicious conduct does not amount to a violation of the law.  Without more, the complaint must be dismissed.

---

[6] Rule 11 provides that sanctions may be imposed on a party who files any motion for an improper purpose, "such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."  Fed. R. Civ. P. 11.  Under the Rule, attorneys and unrepresented parties must sign all motions and pleadings, thereby certifying that "to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances . . . [the pleading or motion] is not being presented for any improper purpose . . . the claims, defenses, and other legal contentions are warranted by existing law . . . [and] the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . ."  Fed. R. Civ. P. 11(b).    The full text of Rule 11 can be found at: https://www.law.cornell.edu/rules/frcp/rule_11.

For the foregoing reasons, the pending motions are resolved as follows.  Plaintiff's motion for reconsideration, motion to amend the complaint, motion to appoint counsel and motion to remove counsel are DENIED.  Defendant's motion to dismiss is GRANTED without prejudice to Plaintiff's right to file a motion to amend his complaint and proposed amended complaint on or before May 15, 2015.

It is SO ORDERED.

Dated:   New Haven, Connecticut
April 22, 2015

/s/ Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge